UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARIA HASEEB,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN COLVIN, Acting Commissioner<br>of Social Security,<br><br>               Defendant. | Case No. 3:15-cv-03931-LB<br><br>**ORDER GRANTING THE COMMISSIONER'S MOTION TO DISMISS**<br><br>[Re: ECF No. 12] |

## INTRODUCTION

Maria Haseeb filed a complaint against the acting Commissioner of Social Security, Carolyn Colvin, seeking judicial review of the Commissioner's final decision denying her claim for benefits. (Complaint, ECF No. 2.[1]) The Commissioner moves to dismiss her complaint because she did not timely file it. (Motion, ECF No. 12.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the January 7, 2015 hearing date. Upon consideration of the papers submitted, the court grants the Commissioner's motion and dismisses Ms. Haseeb's complaint with prejudice.

## STATEMENT

Only the procedural history of Ms. Haseeb's administrative proceedings and complaint are

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:15-cv-03931-LB)

1    relevant to this motion. The timeline is as follows.

2         On September 18, 2013, an administrative law judge issued a written decision denying Ms.

3    Haseeb's March 28, 2012 application for supplemental security income under Title XVI of the

4    Social Security Act. (Complaint, ECF No. 2, ¶ 2; Chung Decl., Ex. 1, ECF No. 12-1 at 5-16.[2]) A

5    Notice of Decision, which enclosed the ALJ's written decision, was mailed to Ms. Haseeb that

6    same day (September 18, 2013). (*See* Chung Decl., Ex. 1, ECF No. 12-1 at 5-16.) The Notice of

7    Decision informed Ms. Haseeb could file a written appeal to the Appeals Council within 60 days

8    of receiving the Notice. (*Id.* at 5.)

9         Ms. Haseeb filed a written appeal to the Appeals Council. (*See* Complaint, ECF No. 2, ¶ 3;

10   Chung Decl., Ex. 2, ECF No. 12-1 at 17-19.) On March 26, 2015 the Appeals Council sent her a

11   Notice of Appeals Council Action notifying her that it denied her appeal. (Complaint, ECF No. 2,

12   ¶ 3; Chung Decl., Ex. 2, ECF No. 12-1 at 17-19.) "This means," the Notice stated," that the

13   [ALJ's] decision is the final decision of the Commissioner of Social Security" in Ms. Haseeb's

14   case. (*Id.* at 17.) The Notice of Appeals Council Action informed Ms. Haseeb that if she disagreed

15   with the Appeals Council's action she could file a civil action in United States District Court

16   within 60 days of receiving the Notice. (*Id.* at 18.) The Notice further informed Ms. Haseeb that

17   the Appeals Council assumes that she received the Notice five days after the date it was issued

18   unless she shows that she did not receive it within the five-day period. (*Id.*) The Notice also

19   informed Ms. Haseeb that if she cannot file for court review within 60 days, she could ask, in

20   writing, the Appeals Council to extend her time to file. (*Id.*)

21        On May 13, 2015, Ms. Haseeb asked, in writing, the Appeals Council to "again look at this

22   _____

23   [2] Although a court generally is confined to the pleadings on a motion to dismiss, "[a] court may,
     however, consider certain materials—documents attached to the complaint, documents
24   incorporated by reference in the complaint, or matters of judicial notice—without converting the
     motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903,
25   908 (9th Cir. 2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). The
     Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the
26   plaintiff's claim depends on the contents of a document, the defendant attaches the document to its
     motion to dismiss, and the parties do not dispute the authenticity of the document, even though the
27   plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v.
     ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The documents attached to the Declaration of Nancy
28   Chung, which accompanies the Commissioner's motion to dismiss, are ones upon which Ms.
     Haseeb's complaint depends and so the court considers them.

case before it goes to District Court, and address . . . due process issues" she believed the ALJ and Appeals Council previously ignored. (Chung Decl., Ex. 3, ECF No. 12-1 at 20.) Further, "[b]ecause the unaddressed due process issues should be brought to district, and the deadline for a complaint is coming up," she asked the Appeals Council to extend her deadline for filing a complaint in District Court and to process her request "on an emergency basis." (*Id.*)

On August 7, 2015, the Appeals Council sent Ms. Haseeb a letter denying her "request that [it] reopen and change" its decision. (Chung Decl., Ex. 4, ECF No. 12-1 at 22; *see* Complaint, ECF No. 2, ¶ 2 n.1.) "This means," the letter stated, "that the Appeals Council's decision is the final decision of the Commissioner of Social Security in your case. (Chung Decl., Ex. 4, ECF No. 12-1 at 22.) The Appeals Council rejected Ms. Haseeb's contention that it had not considered her due process argument and noted that its March 26, 2015 Notice of Appeals Council Action made this clear. (*Id.*) The letter also told Ms. Haseeb that, "under our rules, you do not have the right to court review of our denial of your request for reopening." (*Id.*)

On August 27, 2015, Ms. Haseeb filed her complaint in this action. (*See generally* Complaint, ECF No. 2.) She seeks review of the ALJ's September 18, 2013 decision. (*Id.* ¶ 2.) She alleges that the ALJ's decision "became the 'final decision' for purposes of judicial review as of March 26, 2015, as recited by . . . [the] Appeals Council's [N]otice of that date denying review." (*Id.* ¶ 3.) But she also alleges that the Appeals Council's August 7, 2015 letter "apparently discard[ed] the earlier finality and announcement that the ALJ decision was" the final decision." (*Id.* at 2 n.1.) She further alleges that the Appeals Council, in its August 7, 2015 letter, "implicitly granted an extension in which to file a complaint." (*Id.*) Ms. Haseeb reasons: "Even though the letter expressly denied it would allow an extension, and announced there would be no right to judicial review of [Ms. Haseeb's] deemed request for reopening, [Ms. Haseeb] had not requested reopening, so the language of the denial was inapposite." (*Id.*)

On November 19, 2015, the Appeals Council sent Ms. Haseeb a letter stating that its August 7, 2015 letter "denied [her] request for reopening and noted that there is no right to court review of a reopening denial." (Chung Decl., Ex. 5, ECF No. 12-1 at 24.) "That [letter]," however, "did not address [her] request for more time to file a civil action." (*Id.*) The Appeals Council then denied

3

*United States District Court*
*Northern District of California*

1   Ms. Haseeb's request for an extension of time to file a civil action, explaining:

2        After considering the facts in this case, we now find no reason under our rules
3        to extend the time to file a civil action. We find that requesting reopening is not a
         good reason for making or granting an extension of time to file a civil action. The
4        deadline to file a civil action was June 1, 2015, and your reopening request does not
         justify extending that deadline. The Appeals Council also notes a delayed "response
5        to an EOT request is not a factor . . . [considered] in determining whether good
         cause exists for not filing a civil action within the stated time" (HALLEX I-3-9-92
6        B). Therefore, we have denied your request for more time.

7   (*Id.*)

8        The Commissioner now moves to dismiss Ms. Haseeb's complaint because she did not file it

9   within 60 days after receiving the Appeal Council's March 26, 2015 Notice of Appeals Council

10  Action and she did not receive any extension of time to file her complaint past that date. (Motion,

11  ECF No. 12.) Ms. Haseeb opposes the motion. (Opposition, ECF No. 14.)

12                               **GOVERNING LAW**

13       A complaint must contain a "short and plain statement of the claim showing that the pleader is

14  entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

15  which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

16  A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the

17  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

18  recitation of the elements of a cause of action will not do. Factual allegations must be enough to

19  raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal

20  citations omitted).

21       To survive a motion to dismiss, a complaint must contain sufficient factual allegations,

22  accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

23  U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

24  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

25  defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a

26  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

27  unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

28  'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

United States District Court
Northern District of California

1    plausibility of "entitlement to relief."" *Id.* (quoting *Twombly*, 550 U.S. at 557).

2      If a court dismisses a complaint, it should give leave to amend unless the "the pleading could

3 not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern*

4 *California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

5 **ANALYSIS**

6      The Commissioner argues that Ms. Haseeb did not timely file her complaint and it therefore

7 must be dismissed. (Motion, ECF No. 12 at 3-6.) Because this statute-of-limitations defense is

8 apparent from Ms. Haseeb's complaint, the court may consider it at the motion-to-dismiss stage.

9 *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (2013) ("When an affirmative defense is

10 obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to

11 dismiss."); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the

12 statute is apparent on the face of the complaint, the defense may be raised by a motion to

13 dismiss.").

14      Judicial review of final decisions issued by the Commissioner is governed by Section 405(g)

15 and (h) of the Social Security Act, which provide in relevant part:

16          (g) Any individual, after any final decision of the Commissioner of Social Security
17 made after a hearing to which he was a party, irrespective of the amount in
         controversy, may obtain a review of such decision by a civil action commenced
18 within sixty days after the mailing to him of notice of such decision or within such
         further time as the Commissioner of Social Security may allow. . . .

19          (h) The findings and decision of the Commissioner of Social Security after a
20 hearing shall be binding upon all individuals who were parties to such hearing. No
         findings of fact or decision of the Commissioner of Social Security shall be
21 reviewed by any person, tribunal, or governmental agency except as herein
         provided. No action against the United States, the Commissioner of Social Security,
         or any officer or employee thereof shall be brought under section 1331 or 1346 of
22 title 28 to recover on any claim arising under this subchapter.

23 42 U.S.C. §§ 405(g), (h). These subsections therefore operate as a 60-day statute of limitations for

24 a claimant to file a complaint in district court to appeal a final decision of the Commissioner.

25 *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (agreeing that "the 60–day limit is a statute

26 of limitations"); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987) ("The 60–day period is

27 not jurisdictional, but instead constitutes a statute of limitations.").

28      According to Social Security regulations, the 60-day window commences on the date the

United States District Court
Northern District of California

claimant receives "the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council." 20 C.F.R. § 422.210(c). The date of receipt is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*

Here, the Appeals Council sent Ms. Haseeb its Notice of Appeals Council Action denying her appeal on March 26, 2015. (Complaint, ECF No. 2, ¶ 3; Chung Decl., Ex. 2, ECF No. 12-1 at 17-19.) Thus, she is presumed to have received it five days later, on March 31, 2015. This means that Ms. Haseeb must have filed her complaint in district court by June 1, 2015. Because she did not file her complaint until August 27, 2015, her complaint is untimely.

Although she does not explicitly say so in her opposition, Ms. Haseeb appears to contend that the 60-day limitations period is subject to equitable tolling. The 60-day limitations period may be equitably tolled "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Accordingly, "[e]quitable tolling is only warranted where 'litigants are unable to file timely documents as a result of external circumstances beyond their direct control.'" *Lazerson v. Colvin*, No. 4:13-cv-02832-YGR, 2014 WL 967048, at *6 (N.D. Cal. Mar. 6, 2014) (quoting *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013)). But "[t]olling is not warranted merely 'to avoid the consequences of [a p]laintiff's negligence or that of [his or her] counsel." *Id.* (quoting *Vitt v. Astrue*, No. C 06-7184 CW, 2008 WL 425936, at *5 (N.D. Cal. Feb. 14, 2008)); s*ee Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."). For example, in *Bowen v. City of New York*, the Supreme Court applied equitable tolling where "the Government's secretive conduct" prevented the plaintiffs from filing. 476 U.S. at 481. Likewise, in *Vernon v. Heckler*, the Ninth Circuit reasoned that equitable tolling was appropriate where the plaintiff had

ORDER (No. 3:15-cv-03931-LB)

United States District Court
Northern District of California

6

1  allegedly been told by an employee of the Social Security Administration that the deadline would
2  be extended when it in fact was not. 811 F.2d at 1278.

3      Ms. Haseeb appears to argue that equitable tolling should apply here because on May 13,
4  2015—nineteen days before the 60-day period closed—she asked the Appeals Council to extend
5  her deadline for filing a complaint, but the Appeals Council did not actually deny her request for
6  an extension until November 19, 2015. (*See* Opposition, ECF No. 14 at 1-3.) In other words, Ms.
7  Haseeb contends that the limitations period was tolled because her request for an extension was
8  pending before the Appeals Council.

9      Although the court sympathizes with Ms. Haseeb's situation, the court does not believe her
10  argument is supported by the applicable law. The Appeals Council "may" extend the 60-day
11  period "upon a showing of good cause," but it is not required to do so. *See* 20 C.F.R. § 422.210(c).
12  Ms. Haseeb urges the court to construe the law in a way that would, in essence, allow a claimant to
13  give herself an automatic extension of time simply by filing a request for one. A claimant needing
14  a bit more time to file a complaint in district court could, on Day 60, simply request an extension
15  of time from the Appeals Council, knowing that the Appeals Council is unlikely to rule on her
16  request for several days or weeks, thereby getting an extension of time for as long as it takes the
17  Appeals Council to rule on the request. Such a result, however, contradicts the Social Security
18  regulations and impermissibly shifts the authority to grant an extension from the Appeals Council
19  to the claimant. It is not surprising, then, that the Eleventh Circuit has commented that a claimant
20  who is facing the 60-day deadline "should not rely upon the possibility of an administrative
21  extension of time, but rather must file suit timely to insure judicial review." *Stone v. Heckler*, 778
22  F.2d 645, 648 (11th Cir. 1985). A leading treatise in this area of law recommends the same. *See*
23  Carolyn A. Kubitschek, et al., Soc. Sec. Disability Law & Proc. in Fed. Ct. § 7:13 (2015). ("[I]f
24  the end of the period in which to seek court review is fast approaching, it is recommended that
25  counsel simply file in federal court, and not rely upon the possibility that the Appeals Council will
26  grant an extension of time.").

27      Case law goes both ways on this issue. Some district courts have found that a pending request
28  before the Appeals Council does not suffice to toll the 60-day period. *See Small v. Colvin*, No.

1:14-cv-67 BAM, 2015 WL 237115, at *3-4 (E.D. Cal. Jan. 16, 2015); *Vasquez v. Colvin*, No. EDCV 14-00910-DFM, 2014 WL 5761133, at *3-4 (C.D. Cal. Nov. 5, 2014); *Atherton v. Colvin*, No. CV13-4870-AS, 2014 WL 580167, at *3-4 (C.D. Cal. Feb. 12, 2014); *R.R. ex rel. Roesing v. Comm'r of Soc. Sec.*, No. 1:12-cv-00865-JLT, 2012 WL 3288114, at *2-3 (E.D. Cal. Aug. 10, 2012). A few others have found that it does. *See Walsh v. Colvin*, No. 1:13-cv-00991-JLT, 2013 WL 3936905, at *2 (E.D. Cal. July 30, 2013); *Rivera-Gonzales v. Astrue*, No. 8:11-CV-172-T-30EAJ, 2011 WL 2434071, at *1-2 (M.D. Fla. June 16, 2011); *Aschettino v. Sullivan*, 724 F. Supp. 1116, 1117-1118 (W.D.N.Y. 1989).

In this case, and considering the statutory and regulatory scheme, the court does not believe that "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Eldridge*, 424 U.S. at 330). The Appeals Council's March 26, 2015 Notice informed Ms. Haseeb of the 60-day deadline to file a complaint in district court. She did not do so. Instead, she asked for an extension of time, and the Appeals Council did not rule on it until after the 60-day deadline had passed. These facts do not demonstrate that Ms. Haseeb pursued her rights diligently and that some extraordinary circumstances stood in her way. *See Pace*, 544 U.S. at 418. She was not unable to file a complaint within the 60-day period "'as a result of external circumstances beyond their direct control.'" *Lazerson*, 2014 WL 967048, at *6 (quoting *Kwai Fun Wong*, 732 F.3d 1030, 1052 (9th Cir. 2013)). Equitable tolling does not apply in this situation.

Ms. Haseeb's statement that the Appeals Council "routinely" grants extension of time to file complaints in district court and applies them retroactively does not change the court's opinion. (*See* Opposition, ECF No. 14 at 2-3 & n.4.) Even if this is true, she cites no legal authority to support her implicit argument that the relevant statutes and regulations should be ignored because the Appeals Council often grants extensions of time and is often slow about doing it. The fact remains that she could have and should have complied with the 60-day period provided for by law.

Finally, Ms. Haseeb explicitly contends in her opposition (but not in her complaint) that the Appeals Council's denial of her request for an extension of time "is a constitutional due process issue." (*Id.* at 2.) One court in this district has summarized the law governing such a claim:

United States District Court
Northern District of California

1

"The Social Security Act limits judicial review of the Commissioner's decisions to 'any final decision . . . made after a hearing.'" *Udd v. Massanari*, 245 F.3d 1096, 1098 (9th Cir. 2001) (quoting 42 U.S.C. § 405(g)) (alteration in original; emphasis supplied). Regulations promulgated under the Social Security Act provide that certain "[a]dministrative actions that are not initial determinations may be reviewed by [the SSA], but they are not subject to the administrative review process . . . , and they are not subject to judicial review." 20 C.F.R. § 404.903. Included amongst these administrative actions that are not subject to judicial review are denials of "request[s] to extend the time period for requesting review of a determination or a decision." *See* 20 C.F.R. § 404.903(j); *Matlock v. Sullivan*, 908 F.2d 492, 493-94 (9th Cir. 1990) (affirming district court's holding that it lacked jurisdiction to review Appeals Council's discretionary refusal to consider an untimely request for review).

An exception to the rule barring judicial review exists, however, where the denial of such a request "is challenged on constitutional grounds." *Udd*, 245 F.3d at 1099 (quoting *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) ("*Sanders*")). This exception—known as the *Sanders* exception—"applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd*, 245 F.3d at 1099 (quoting *Evans v. Chater*, 110 F.3d 1040, 1483 (9th Cir. 1997)). In construing the *Sanders* exception, the Ninth Circuit has held that the constitutional claim may not be merely substantive, i.e., an attack on the merits of a prior decision. *Evans*, 110 F.3d at 1482. Moreover, "[a] challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." *Udd*, 245 F.3d at 1099 (quoting *Boettcher v. Sec'y of Health and Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985)).

A constitutional claim is colorable, for example, "[w]here a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits." *Udd*, 245 F.3d at 1099 (citing *Evans*, 110 F.3d at 1483). On the other hand, a claim is not colorable if it is clearly immaterial, insubstantial, or frivolous and made only for the purposes of establishing jurisdiction. *Hoye v. Sullivan*, 985 F.2d 990, 991-92 (9th Cir. 1993). A mere allegation of a due process violation is not colorable; the claim "must be supported by facts sufficient to state a violation of substantive or procedural due process." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Hoye*, 985 F.3d at 992) (internal quotations omitted).

*Garth v. Astrue*, No. 11-cv-05592-YGR, 2013 WL 257090, at *4 (N.D. Cal. Jan. 23, 2013).

Even if the *Sanders* exception applies to Ms. Haseeb's claim that the Appeals Council's denial of her request for an extension of time violated her due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination (the court is not sure that it does), her claim is not colorable. As explained above, while the Appeals Council "may" extend the 60-day period "upon a showing of good cause," it is not required to do so. *See* 20 C.F.R. § 422.210(c). Whether to do so is within its discretion. Exercising its discretion pursuant to law is not a colorable due process violation. *Cf. Hoye v. Sullivan*, 985 F. 2d 990, 992 (9th Cir.

1993) (concluding that the plaintiff did not raise a colorable procedural due process claim where the ALJ dismissed the plaintiff's request for a hearing pursuant to the applicable Social Security regulations).

### CONCLUSION

The success of the Commissioner's statute-of-limitations defense is apparent from the face of Ms. Haseeb's complaint, and given the relevant procedural history the court finds that Ms. Haseeb could not cure the defect with further amendment. The court grants the Commissioner's motion and dismisses Ms. Haseeb's complaint with prejudice. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: December 18, 2015

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER (No. 3:15-cv-03931-LB)